**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Miami-Dade Division
www.flsb.uscourts.gov

IN RE:

FINTON CONSTRUCTION, INC.,           Case No: 16-19221-LMI

    Debtor.                                 Chapter 11
_____/        Jointly Administered[1]

**DEBTOR'S EXPEDITED MOTION FOR ENTRY OF AN ORDER (A) FINDING MICHAEL REEVES IN WILLFUL VIOLATION OF THE AUTOMATIC STAY AND CREDITOR MISCONDUCT AND (B) ASSESSING SANCTIONS INCLUDING ACTUAL AND PUNITIVE DAMAGES**

**(Expedited Hearing Requested)**
**Basis for Expedited Relief**

The above-captioned Debtor and Debtor-in-Possession requests an expedited hearing in this matter to based upon the actions of Michael Reeves who, as set forth below, is currently and actively attempting to control and affect property of the bankruptcy estate while in full knowledge of the fact is this filing in willful violation of 11 U.S.C. §362.

FINTON CONSTRUCTION, INC., ("Finton Construction" or "Debtor"), Debtor and Debtor-in-Possession in the above-captioned Chapter 11 case, and John Finton ("Finton"), Debtor and Debtor–in-Possession in Case No.: 16-19222-LMI and seek the entry of an order (a) finding Michaels Reeves ("Reeves"), an alleged creditor and party-in-interest herein, in willful violation of the automatic stay provisions of 11 U.S.C. §362 and (b) assessing sanctions including actual and punitive damages against Reeves and in support states as follows:

---

[1] Administratively consolidated with In Re: John J Finton, Case No. 16-19222-LMI.

## JURISDICTION AND VENUE

1. On June 30, 2016 ("Petition Date"), the Debtor and Finton filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (as amended, "Bankruptcy Code"), which cases are pending before the United States Bankruptcy Court for the Southern District of Florida ("Bankruptcy Court").

2. The Debtor continues to operate its business and manage its assets as a Debtor-in-Possession pursuant to 11 U.S.C. §§1107 and 1108.

3. This Court has jurisdiction over this Chapter 11 case ("Chapter 11 Case") under 28 U.S.C. §§ 157 and 1334 and constitute a core proceeding under 28 U.S.C. § 157(b)(2).

4. Finton Construction is a construction company that builds the finest homes in the United States and overseas, with primary operations for the past 18 months occurring on Star Island in Miami-Dade County.  Accordingly, venue of the Debtor's Chapter 11 case is proper in this District under 28 U.S.C. §§ 1408 and 1409.

5. The statutory predicates for the relief requested herein are sections 105(a), 363, 503(b)(9), 1107(a) and 1108 of the Bankruptcy Code, Rule 6003 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Local Rule 9013-(K).

6. No trustee or examiner has been appointed in this case, nor has an official committee of unsecured creditors been established.

## OPERATIVE FACTS

7. Reeves, an insider of the Debtor, served as the Chief Financial Officer of the Debtor for many years.

8. The other two insiders of the Debtor, John Finton ("Finton") and Daniel Tontini ("Tontini") became progressively concerned with the work ethics of Reeves and the fact that multiple projects he had advocated and started were losing money on the order of seven figures annually and, even more alarmingly, learned that Reeves' used company resources and company time to construct his personal residence.  Reeves should have been devoting his time to managing Finton Construction projects, this was diluted while he was focusing on his own project.  Ultimately, Reeves resigned on February 13, 2012.

9. Prior to his resignation, Reeves gathered the entirety of the Debtor's financials including vendor and customer lists, contacted various customers in a successful effort to "cherry pick" the profitable open projects of the Debtor, convinced various employees to leave the Debtor's employ -- all while Reeves was an officer of the Debtor -- and then Reeves started his own construction company.

10. Shortly thereafter, litigation ensured between the insiders which ultimately has led to the filing of this bankruptcy case.

11. Reeves received actual knowledge of the filing of this case on June 30, 2016 by virtue of the filing of a suggestion of bankruptcy in the litigation between the insiders.

12. Reeves immediately contacted many vendors of the Debtor and informed them that the Debtor had closed its doors, was not going to pay them and that they should not continue to work on projects of the Debtor, all in an effort to control property of the estate.

13. It is critical to understand that Reeves had the complete contact information for every single one of the vendors of the Debtor for one, and only one, reason: **Reeves stole the vendor list from the Debtor while he was still an officer of the Debtor** and then used the fruits of his theft to attempt to damage the Debtor, property of the Debtor's estate as well as the continued operations of the Debtor.

14. Vendors Reeves contacted include Coastal Tile (a vendor that neither Reeves nor his construction company uses), the Debtor's millwork subcontractor Silver Strand and many other subcontractors engaged in work with the Debtor.

15. Furthermore in an attempt to collect his alleged claim against the Debtor and Finton, Reeves immediately began a campaign, in further willful violation of the automatic stay, of threatening the Debtor and Finton, including the sending of text messages such as "Karma is coming" repeatedly, in addition to "How do you sleep at night knowing what you have done" as well as "………you can run but you can't hide."

16. Copies of some of the emails and texts sent by Reeves are attached hereto as Composite Exhibit A.

## **RELIEF REQUESTED**

17. By this Motion, the Debtor seeks the entry of an Order (a) finding Michaels Reeves ("Reeves"), an alleged creditor and party-in-interest herein, in willful violation of the automatic stay provisions of 11 U.S.C. §361 and (b) assessing sanctions including actual and punitive damages against Reeves in accordance with 11 U.S.C. §§105(a) and 362(k)(1). Based upon the egregious nature and sheer volume of the willful violations of the stay, the most severe of monetary sanctions are requested.

**APPLICABLE AUTHORITY FOR RELIEF REQUESTED**

18.     11 U.S.C. §362(a) operates as a stay applicable to all parties, including Reeves, of various acts.  The Debtor, by virtue of the above, states that Reeves is in violation of 11 U.S.C. §§362(a)(3), (4), (5), (6) and (7).

19.     Specifically, Reeves has attempted to secure control over property of the estate in the form of estate income from projects by unlawfully suggesting to vendors that they will not get paid, which in turn entices vendors to walk off open projects of the Debtor which are required by the Debtor to continue in order that it generate operating income – income which is property of the Debtor's estate.

20.     By virtue of the fact that Reeves has suggested to vendors of the Debtor that they might not be paid, he has also enticed them to potentially prematurely file liens against the projects of the Debtor on which they are working, constituting an act to create, perfect or enforce any lien against property of the estate both in general and as to claims that arose prepetition.

21.     Reeves' actions have also caused vendors to attempt to collect prepetition claims in violation of the stay – some even going so far as to threaten to show up at the Debtor's doors and demanding personal checks be written to them.

22.     Finally, all of Reeves' actions are made related to his alleged claims against the Debtor and Finton and are done solely in an effort to force that he be paid – all in violation of the stay.

23.     Reeves is in willful violation of the stay as to Finton entitling Finton to attorneys' fees, actual and punitive damages pursuant to 11 U.S.C. §362(k)(1).  The

Debtor is also entitled to its attorneys' fees and costs as well as actual and punitive damages pursuant to 11 U.S.C. §105(a) and the inherent power of this court.

24.     The purpose of the automatic stay in Chapter 11 cases is to facilitate the Debtor's efforts to reorganize.   (*See generally, Thompson v. General Motors Acceptance Corp., LLC* 566 F.3d 699, 705 (7th Cir. 2009).   Reeves' willful actions were, both standing alone and in concert, designed to accomplish one thing:   create disruption of the Debtor's attempt to reorganize by wreaking havoc among its critical vendors and other stakeholders of the Debtor thereby exerting control over the Debtor's income and operations and forcing the Debtor to deal with issues it would otherwise not have had to involve itself with, such as "damage control" related to vendors and customers and requiring the payments to vendors potentially out of turn so that the value generated by vendors could be used to the benefit of the debtor, its creditors and the estate at large.

25.     The Debtor has been substantially damaged by Reeves' actions not only by the fact that the Debtor has had to incur attorneys' fees and costs related to responding to Reeves' willful violations of the stay, but also, and much more substantially, related to diminution of its overall operations and goodwill with its subs, sub-subs, suppliers and customers due to Reeves' actions.

WHEREFORE, the Debtor respectfully request that the Court enter an order (a) finding Michaels Reeves in willful violation of the automatic stay provisions of 11 U.S.C. §362 and (b) assessing sanctions including actual and punitive damages against Reeves in accordance with 11 U.S.C. §§105(a) and 362(k)(1), and (c) granting such other relief

as the Court deems necessary and proper.

## CERTIFICATIONS

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court as set forth in Local Rule 2090-1(A).

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically or U.S. Mail to all interested parties attached on this 8th day of July, 2016.

        Respectfully submitted,

        **MERRILL PA**

        By:   */s/ David Lloyd Merrill, Esq.*
                DAVID LLOYD MERRILL, Esq.
                Florida Bar No. 99155
                Trump Plaza Office Center
                525 S Flagler Drive, Fifth Floor
                West Palm Beach, FL 33401
                (o) +1.561.877.1111
                (f) +1.561.832.7668
                dlmerrill@merrillpa.com
                Attorneys for Debtor