UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

IN RE:

Case No. 16-19221-LMI
(Jointly Administered)

FINTON CONSTRUCTION, INC.
and JOHN FINTON,

       Debtors.

_____/

## MICHAEL REEVES' EMERGENCY MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO ALLOW STATE COURT TO COMPLETE ADJUDICATION OF ALL CLAIMS IN PENDING STATE COURT ACTION

### (Hearing Requested for Wednesday, July 13, 2016 at 9:30 a.m.)[1]

Michael Reeves ("**Reeves**"), a creditor holding a claim based upon egregious *fraud*[2] perpetrated by the Debtors, hereby files this motion (the "**Motion**") seeking entry of an order, pursuant to section 362(d) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 4001-1, lifting the automatic stay to, *inter alia*, allow Hon. Frederick P. Horn (the "**State Court**") to enter a ruling in the State Court Action upon all claims asserted by Reeves against the Debtors (the "**Motion**").  In support of the Motion, Reeves respectfully states as follows:

### 9075-1 (a) BASIS FOR EXPEDITED HEARING

The State Court has scheduled the continuation of the trial for purposes of obtaining evidence related to the appropriate amount of punitive damages to sanction both Debtors and a

---

[1] There are currently two motions already scheduled for hearing on this Court's July 13th calendar in this case. Including the Motion on the Court's July 13th calendar will preserve judicial economy while avoiding the Debtors' estate from incurring additional administrative expenses associated with a separate hearing.  Finally, the inclusion of the Motion on this Court's July 13th calendar will also allow the Court to afford the complete relief sought in the Motion and avoid any further prejudice to Reeves arising from the Debtors' commencement of these cases.

[2] As further detailed below the State Court has already made oral findings of fact and conclusion of law holding that the Debtors have, inter alia, defrauded Reeves and has scheduled a hearing to adjudicate the appropriate amount of punitive damages that the Debtors should be held liable for arising from their fraudulent actions.

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

non-debtor defendant in the State Court Action this Wednesday, July 13, 2016 at 5:30 p.m. EST/2:30 p.m. PST. Absent an expedited hearing on the Motion, Reeves will be prejudiced in having to potentially duplicate the testimony and evidence presented against the non-debtor defendant by re-presenting same at a later date against the Debtors. In contrast to the prejudice suffered by Reeves with a delayed adjudication of this Motion, the Debtors will suffer no prejudice in proceeding with the previously scheduled punitive damages phase of the State Court Action having been on notice of same since June 21, 2016 (for the hearing originally scheduled to occur on June 30, 2016, which was continued to July 13, 2016 when the State Court was apprised of the Debtors' bankruptcy filing).

## INTRODUCTION

Finton Construction, Inc. ("**FCI**") is a California corporation that has maintained its principal place of business and principal business operations as a custom home builder in California for over 20 years. John Finton ("**Finton**") is a native Californian who has been a licensed general contractor in California for over 20 years and who has married, raised children and made his home in California his entire life.

After four years of litigation and an 8-week trial in which almost 200 exhibits were introduced, 19 witnesses testified, and a jury verdict was issued, FCI and Finton (collectively, the "**Debtors**") –after losing on all fronts - filed for bankruptcy relief 3,000 miles away from California, and did so on the eve of having a judgment – with punitive damages – entered against them. This motion seeks relief from stay to allow Reeves to proceed with the final leg of the state court proceedings to allow him to prosecute the punitive damages phase of the aforementioned state court litigation and to have judgment and a statement of decision entered in that certain civil action commonly referred to as *Reeves v. Finton Construction, Inc., et al.*,

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

Orange County Superior Court Case No. 30-2015-00775316 (the "**Orange County Action**" or "**State Court Action**").

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.  Reeves disputes whether the venue of this case is proper in this District in view of the fact that Debtors are both properly domiciled in California and the substantial majority of the Debtors' assets and liabilities also are located in California. By bringing the instant Motion before this Court, Reeves in no way waives his right to challenge this Court as the proper venue for these bankruptcy cases pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory predicate for the relief requested in this Motion is section 362(d) of the Bankruptcy Code, as complemented by Bankruptcy Rules 4001 and 9014, and local rule 4001-1 and this Court's Guidelines for Motions for Relief from the Automatic Stay.

## BACKGROUND FACTS RELATED TO RELIEF REQUESTED

4.  Reeves and Finton are home builders who build homes primarily in Southern California. In the 1980's, Reeves and Finton founded a partnership known as Finton Associates. See, Reeves Declaration, ¶ 3 and Exhibit 1 thereto. The business of Finton Associates was remodeling and building custom homes. In 1997, Reeves and Finton incorporated their business as a California corporation that eventually was named Finton Construction, Inc. See, Reeves Declaration, ¶ 4 and Exhibits 1 and 2 thereto.

5.  During their time together, Reeves and Finton – through FCI – developed a reputation and a following as builders of high-end homes. The homes they built were located primarily in Southern California. As confirmed on FCI's website as of July 7, 2016: "For over

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

twenty years, Finton Construction has built its reputation as the leader in high-end custom home construction with offices in Los Angeles, Orange County and Mexico." All of the 45 projects displayed on the FCI website as of July 7, 2016 were built in Southern California. See, Reeves Declaration, ¶ 5 and Exhibits 3, 4, and 5 thereto. During Reeves' tenure with FCI, the company was quite successful, posting revenues in excess of $44 million in 2010. See, Reeves Declaration, ¶ 6.

6.    Originally, FCI's stock was owned 40 percent each by Reeves and Finton, and 20 percent by Daniel Tontini ("**Tontini**"). In 2011, Reeves transferred 11% of his stock to Finton. In the Orange County Action described below and in the Keys Declaration, Reeves sued to set aside that transaction based on Finton's fraudulent concealment about the true finances of FCI, in particular the disproportionate and concealed distributions Finton had paid to himself to the tune of over $3.6 million.

7.    In 2012, a dispute arose between Reeves, on the one hand, and Finton and Tontini, on the other, which resulted in Reeves resigning from all positions and leaving the company in February 2012. After his departure from FCI, Reeves filed a lawsuit against Finton, Tontini and FCI alleging that Finton and Tontini had unlawfully conspired to force him out of the company and that Finton had used the company's bank account as his personal piggy bank, paying out millions of dollars for Finton's personal expenses without corresponding distributions to Reeves pursuant to their agreement. Reeves sought an accounting and millions of dollars in damages. That action was originally filed in Orange County (Case No. 30-2012-0054445), but FCI and Finton moved to change venue to Los Angeles (Case No. BC485148) , where the case was pending for several years. In 2015, the parties stipulated to return venue to Orange County. When the case was returned, the Orange County court assigned a new case number (Case No.

30-2015-00775316).  See, Keys Declaration, ¶ 3 and Exhibits 6 and 7 thereto.

8.      In 2012, FCI and Finton filed a cross-complaint against Reeves alleging that Reeves had "misappropriated" proprietary information and property belonging to the company, wrongfully interfered with the company's business relationships with clients, wrongfully solicited employees to go with him, and wrongfully solicited company clients to terminate their contracts with FCI and hire Reeves to build their homes.  See Keys Declaration, ¶ 4.

9.      In May 2013, FCI filed a lawsuit against Reeves' attorneys – Bidna & Keys – alleging that the law firm had converted and stolen FCI property simply by virtue of accepting possession of a hard drive containing FCI files from its client. See Keys Declaration, ¶ 19 and Exhibit 8 thereto.  Bidna & Keys responded by filing a special motion to strike pursuant to the anti-SLAPP statute,[3] in which the firm argued that their actions were within the scope of the litigation privilege, as codified in California Civil Code Section 47, and that FCI otherwise had no facts to support its claims.  In February 2014, the trial court granted Bidna & Keys' motion and judgment was entered in favor of the firm in April 2014.   FCI appealed the adverse judgment. See, Keys Declaration, ¶¶ 20 and 21, and Exhibit 9 thereto.  In 2015, the Court of Appeal, in a published decision, affirmed the judgment.  See, *Finton Construction, Inc. v. Bidna & Keys, APLC*, 238 Cal. App. 4th 200, 204 (2015), a copy of which is attached to the Keys Declaration as Exhibit 10.  The Court of Appeal took issue with FCI's "particularly nasty type of scorched earth tactics," and the case made national "legal news."

10.      In May 2016, the Orange County Action proceeded to trial, with over 20 days of

---

[3]  A SLAPP suits is "a meritless suit filed primarily to chill the defendant's exercise of First Amendment rights," such as freedom of speech and the right to petition. In response, California along with many other state legislatures, adopted an anti-SLAPP statute – codified at California Code of Civil Procedure Section 425.16 – which recognizes a special motion to strike that places the burden on the plaintiff to establish that there is a probability that the plaintiff will prevail on the claim through the presentation of evidence supporting the claim. See also *Jarrow Formulas, Inc. v . LaMarche*, 31 Cal. 4th 728, 731 fn. 1 (2003).

evidentiary and other trial-related hearings being conducted between May 2, 2016 and June 30, 2016, including the introduction of almost 200 exhibits and testimony by 19 witnesses. See, Keys Declaration, ¶ 6 and Exhibit 11 thereto. Because of the nature of the claims alleged, Reeves' claims against Finton, FCI and Tontini for breach of fiduciary duty were tried to the court, while a jury was empanelled to hear and decide FCI's claims against Reeves. See, Keys Declaration, ¶¶ 7-10. On June 17, 2016, the jury returned a verdict in favor of Reeves, finding that Reeves did not breach any fiduciary duty owed to the company. See, Keys Declaration, ¶ 11 and Exhibit 12 thereto. Thereafter, on June 21, 2016, the Court ruled orally from the bench that Reeves was the prevailing party on his complaint against FCI, Finton and Tontini. The Court then appointed a CPA (Jaime Holmes) to analyze the evidence and make a recommendation to the Court: 1. with regard to the amount of damages that should be awarded to Reeves, and 2. with regard to the value of FCI as a going concern. The Court stated that it was "relatively easy to decide" in Reeves' favor because the Court found him credible, whereas the Court found that Finton was evasive and had misled the Court. See, Keys Declaration, ¶ 13 and Exhibit 13 thereto. The court stated:

> Michael Reeves, the court finds, was very credible providing numerous documents supporting his position. Witnesses for the plaintiff were credible, fair and filled in any blanks leading up to and after the separation Michael Reeves experienced with Finton Construction.
>
> John Finton was quite the opposite. The court did not find him credible. He was evasive, avoided answering many questions and, in my view, tried to mislead the court and the jury with some of his answers, many of which were just volunteered and nonresponsive to the questions that were asked....

Exhibit 13, pp. 1-2.

11.    The Court went on to say that it was "going to find that there was malice, oppression, and fraud" on the part of all defendants, that the Court intended to award punitive

damages,  and that "findings would be set forth in much greater detail down the road," but for purposes of scheduling further proceedings with respect to the award of punitive damages, the court was "going to make that finding now, finding for the plaintiff, and … [finding] also there is malice, oppression, and fraud" by all of the defendants. Exhibit 13, p. 5.  On June 21, 2016, the Court set June 30, 2016 as the date for hearing evidence with regard to punitive damages.  Id. California law requires that as a prerequisite to an award of punitive damages, the Court must hear and consider evidence of the defendant's financial condition.  See, Keys Declaration, ¶ 14. The Court had previously bifurcated the trial to hear all evidence in relation to "financial condition" only after a finding of malice, fraud and oppression.  Id.

12.    During the June 21, 2016, proceedings, the Court granted Reeves' request for an order enjoining Finton, Tontini and FCI from making disbursements of funds from FCI outside the ordinary course of business pending the balance of the proceedings, based upon concerns the Court had as a result of "the testimony that the Court heard and the conduct of the parties involved."  The Court, from the bench, issued a temporary restraining order prohibiting 1. FCI, Finton and Tontini from directly or indirectly selling, pledging, encumbering or transferring any assets of or interest in [FCI]," and 2. the disbursement from escrow of the proceeds from the sale of Finton's house in Monrovia, which is listed for sale.  Exhibit 13, pp. 9-10.

13.    When Reeves and his counsel arrived at Court on June 30, 2016 for the punitive damages phase of the trial in the State Court Action, they were told that FCI and Finton had filed bankruptcy that morning in the State of Florida, and were presented with a "Notice of Stay of Proceeding" for each bankruptcy case. See, Keys Declaration, ¶ 15 and Exhibit 14 thereto.

## RELIEF REQUESTED

14.    By this Motion, Reeves requests the entry of an Order immediately lifting the

automatic stay to allow Reeves to proceed with the final leg of the state court proceedings to allow him to prosecute the punitive damages phase of the State Court Action and to have judgment and a statement of decision entered in the State Court Action. For the avoidance of all doubt, at this juncture Reeves is not seeking relief from stay to pursue any collection activity upon either of the Debtors. To the extent the Court is unable to hear the Motion on or before July 13, 2016, Reeves requests that the relief afforded herein be granted *nunc pro tunc* to July 13, 2016 to allow Reeves to use all evidence introduced against non-debtor defendant against the Debtors in fully resolving the State Court Action.

## MEMORANDUM OF LAW IN SUPPORT OR RELIEF REQUESTED

15.    Section 362(d)(1) of the Bankruptcy Code provides that "[o]n request of a party in interest, and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay - (1) for cause . . ." 11 U.S.C. § 362(d)(1). "Cause" is a flexible concept and courts often conduct a fact intensive, case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay. *See In re SCO Group, Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2006); *I.R.S. v. Robinson (In re Robinson)*, 169 B.R. 356, 359 (E.D. Va. 1994); *In re Cummings*, 221 B.R. 814, 818 (Bankr. N.D. Ala. 1998); *Smith v. Tricare Rehabilitation Systems, Inc. (In re Tricare Rehabilitation Systems, Inc.)*, 181 B.R. 569, 572-74 (Bankr. N.D. Ala. 1994) (extensive analysis of whether "cause" exists for granting relief from the stay).

16.    The decision whether to grant relief from the automatic stay to allow litigation to continue in another forum is within the sound discretion of the bankruptcy court. *See In re Dixie Broad., Inc.*, 871 F.2d 1023, 1026 (11th Cir. 1989); *In re Murray Indus., Inc.*, 121 B.R. 635, 636

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

(Bankr. M.D. Fla. 1990) (citing *In re Castle Rock Props.*, 78 F.2d 159 (9th Cir. 1986)). "In determining whether to lift the automatic stay, the courts have generally considered the prejudice to the debtor's reorganization efforts, conservation of judicial resources, and prejudice to the movant." *Murray Indus.*, 121 B.R. at 636-37 (citations omitted).

17.    Furthermore, the legislative history to section 362(d) provides:

> [I]t will often be more appropriate to permit proceedings to continue in their place of origin when no great prejudice to the bankruptcy estate would result in order to lead the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere.

H.R. Rep. No. 595, 95th Cong., 1st Sess. 341 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 50 (1978), *reprinted in* 1978 U.S. Code Cong. & Ad. News 5787, 5836, 6297; *In re Humphrey's Pest Control Co., Inc.*, 35 B.R. 712, 714 (E.D. Pa. 1984); *see also In re Santa Clara County Fair Assoc., Inc.*, 180 B.R. 564, 566 (9th Cir. 1995).

18.    The bankruptcy courts in the 11th Circuit have held that they have discretion to lift the automatic stay for "cause" to allow a pending action to continue against the debtor where the balancing of the equities involving (a) prejudice to the debtor's reorganization efforts, (b) conservation of judicial resources and (c) prejudice to the movant tilt toward such a result. *See In re Murray Indus.*, 121 B.R. at 637.

### A.    The Debtors Will Not be Prejudiced by Lifting the Automatic Stay

19.    The Debtors do not need to avail themselves of the benefits provided by the automatic stay and would suffer no great prejudice if the stay were lifted to allow the State Court Action to move forward solely for the purpose of completing the punitive phase of the State Court Action and allowing the State Court to render its final ruling having already found the Debtors liable on the claims asserted by Reeves.

20.    As detailed in the supporting declaration of Richard D. Keys, the Orange County

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

Action has been extensively litigated, with Reeves having incurred attorney fees and costs of approximately $1 million. See, Keys Declaration, ¶¶ 17 and 18. FCI produced documents in the Orange County Action indicating that it had incurred at least $500,000 in fees and costs through 2014. Id. the firm of Layfield & Barrett substituted into the case in 2014, representing FCI, Finton and Tontini through the trial proceedings conducted in May and June 2016. Attorneys at that firm have told Keys that the firm agreed to represent FCI and the other defendants on a contingent fee basis, and Finton testified at trial that FCI was not incurring fees for the trial. Id., ¶ 18.

21.    Here, the bankruptcy estates certainly will suffer no prejudice if relief from the stay is granted because the liquidation of the Reeves' claims is a necessary pre-cursor to the formulation of any reorganization plan. *See In re Highcrest Management Co., Inc.*, 30 B.R. 776, 778 (Bankr. S.D. N.Y. 1983) (the automatic stay should not be used as a shield to protect conduct which can be fully and finally adjudicated in a case pending in the district court).The Debtors do not need to avail themselves of the benefits provided by the automatic stay and would suffer no great prejudice if the stay were lifted to allow the State Court Action to move forward solely for the purpose of completing the punitive phase of the State Court Action and allowing the State Court to render its final ruling having already found the Debtors liable on the claims asserted by Reeves.

**B.    Lifting of Stay will Conserve Judicial Resources**

22.    Lifting the stay will also conserve judicial resources by allowing the State Court, which is more familiar with this matter and the legal issues involving the claims raised by Reeves (as well as the cross-claims raised by FCI which were fully presented and argued to a jury), so as to complete the adjudication and liquidation of Reeves' claims against the FCI and

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

Finton bankruptcy estate. Specifically, on May 2, 2016, a jury trial was commenced in the Orange County Action. Trial continued over the following eight weeks, with over 20 days of evidentiary hearing, testimony from 19 witnesses, and the introduction of almost 200 exhibits into the trial record. A true and correct copy of the Minute Orders related to these trial proceedings is attached as Exhibit 11 to the Keys Declaration. If the automatic stay is not lifted, it may require duplication of the lengthy trial to decide the same legal and factual issues that have already been tried in the State Court Action, and upon which the State Court has already rendered a partial ruling on liability, compensatory damages, and availability of punitive damages. In addition to be a complete waste of valuable judicial time and resources, such duplication would force Reeves, the victim of the Debtors' fraud, to incur substantial additional costs that would be wholly unnecessary if the stay were lifted and the State Court allowed to complete the punitive damage phase and issue its final ruling.

23.    Further, the claims asserted by Reeves in the State Court Action are non-core, state law causes of action involving fraud, breach of fiduciary duty and fiduciary duties of corporate officers, all of which were pursued under California law, which are arguably better decided by a state court sitting in California which routinely handles these types of claims, rather than a bankruptcy judge in a Florida venue. *See, e.g., Robbins v. Robbins (In re Robbins)*, 964 F.2d 342, 345-46 (4th Cir. 1992) (holding that relief from stay may be granted to permit litigation to go forward in a non-bankruptcy forum where (1) only issues of state law involved, (2) judicial economy will be promoted, (3) the litigation will not interfere with the bankruptcy case, and (4) the estate can be protected by requiring that any judgment obtained be enforced only through the bankruptcy court).

24.    In *Humphrey's, supra*, the plaintiff filed suit against the debtor in the United

States District Court for the Eastern District of Pennsylvania asserting securities law violations, RICO violations and common law fraud claims. *In re Humphrey's*, 35 B.R. at 712.  Subsequent thereto, the debtor filed a petition for bankruptcy under Chapter 11, thereby automatically staying the district court action in accordance with Section 362(a)(1). *Id.*  The plaintiff thereafter moved for relief from the stay for "cause" under Section 362(d)(l) in order to proceed against the debtor on the claims advanced in the district court. *Id.* at 712-13.  In support of its motion, the plaintiff argued that, due to the complexity of the issues to be litigated, the similarity of the claims against all respondents, the need to prevent inconsistent results, and the need to have an expeditious resolution of the claims, it would be "in the interest of judicial economy" to determine the liability of all parties in one forum. *Id.* at 713.  Calling upon the legislative history recited above, the *Humphrey's* Court found that "cause" existed to lift the stay and allow the non-bankruptcy action to proceed in the interest of judicial economy. *Id.* at 714.

25.     Similarly, in *In re Santa Clara, supra,* the plaintiff moved for relief from the automatic stay to pursue a judgment on her previously filed Title VII claim in the United States District Court for the Northern District of California. 180 B.R. at 565. Likewise relying on the legislative intent of Congress, the bankruptcy court concluded that judicial economy would be better served by allowing the action to proceed in the district court. *Id.* at 566.  The court reasoned that, the plaintiff "could be prejudiced by delay in the manner that all plaintiffs are prejudiced by failing memories and the like" and that debtor "would not be greatly prejudiced by granting [plaintiff] relief since it would have to defend itself in either forum." *Id.*

26.     Thus, as in *In re Humphrey's*, *In re Santa Clara* and *In re Murray Indus.* the stay should be lifted in the interest of judicial economy and fairness to litigants to allow Reeves to pursue the completion of the adjudication of his claims against the Debtors in the State   Court

Action.

**C.    Reeves Will Suffer Severe Prejudice if the Automatic Stay is Not Lifted.**

27.    On the other hand, it is axiomatic that Reeves will be severely prejudiced if the automatic stay is not lifted. Absent relief, the State Court Action will be delayed in adjudicating the punitive damages against the Debtors. Any delay will in all probability erode the memory of both the State Court and the witnesses called upon to testify in the punitive damage phase of the State Court Action at great prejudice to Reeves. The Debtors bankruptcy filing has already delayed the punitive damage portion of the State Court Action by almost two weeks.

**D.    Policy Concerns Mandate Lifting the Automatic Stay**

28.    Policy concerns also mandate modification of the automatic stay in these cases. In enacting the Bankruptcy Code, Congress noted that while the automatic stay had broad application, "it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties in their chose forum and to relieve the bankruptcy court from many of the duties that may be handled elsewhere." *In re Holdkamp*, 669 F.2d at 508 (citing S. Rep. No. 989, 95th Cong., 2d Sess. 50 *reprinted in* 1978 U.S.C.C.A.N. 5787, 5836); *In re Tribune Co.*, 418 B.R. 116, 127-29 (Bankr. D. Del. 2009) (lifting stay to allow litigation to proceed in California court where suit was commenced). Here, where it would increase efficiency to have the claims against the Debtors heard in the State Court where those claims were originally brought and where no prejudice to the bankruptcy estate would result from lifting the automatic stay to allow the State Court to render its ruling on Reeves' claims, public policy dictates that the Court lift the automatic stay.

**E.    Courts Faced With Similar Circumstances Have Granted Immediate**

## Stay Relief to Allow Completion of State Court Proceedings

31.      In *Curtis James Jackson III ("Fifty Cents")*, *Case No. 15-21233* (Bankr. D. Conn. July 17, 2015) (J. Nevins), the bankruptcy court overruled the objection of the debtor and lifted the automatic stay to allow one of the debtor's creditors to complete the punitive damage phase of a New York state court proceeding that was pending as of the commencement of the debtor's Chapter 11 case.[4]

32.      As in this case, in *Jackson* a finding of liability and entitlement to both compensatory and punitive damages was rendered by the fact finder (a jury in the Jackson case compared to the trial judge in the State Court Action). A hearing to adjudicate the amount of punitive damages was scheduled for July 13, 2015 (coincidently one year prior to the hearing date in the State Court Action) and the debtor filed his Chapter 11 bankruptcy case on the date of the punitive damage hearing. The creditor immediately moved for relief from stay arguing, *inter alia*, that creditor would be prejudiced with an additional delay of the New York action and that relief from stay would afford a complete adjudication of the claims pending in the New York action. The debtor objected arguing that the adjudication of any punitive damages is unwarranted because such claims constitute penalties that could be subject to subordination. The bankruptcy court overruled the debtor's objection accepting the creditor's argument that a delay in completing the New York action would prejudice the creditor and would prevent the complete adjudication of all pending claims. *See generally*, Exhibit 15.

33. Here, as in *Jackson*, absent an immediate stay Reeves will suffer great prejudice in completing the adjudication of all claims against the Debtors because, *inter alia*, the memory of the State Court, various witnesses, and the counsel participating in the State Court Action will

---

[4] A copy of the stay relief motion, objection by debtor, and order lifting stay is attached hereto as <u>Composite Exhibit 15</u>.

naturally be impaired through the passage of time. Moreover, unlike Jackson, Reeves would suffer additional prejudice associated with having to potentially duplicate the evidence presented in the punitive damage phase against the non-debtor defendant in a separate proceeding against the Debtors. Thus, the instant case presents greater cause for granting the identical relief granted by the court in *Jackson*. *See also, In re Kaufman*, 78 B.R. 309 (Bankr. N.D. Fla. 1987) (J. Killian) (lifting automatic stay to allow completion of state court action to adjudicate both compensatory and punitive damages against debtor).

34.    For all of the foregoing reasons, this Court should lift the automatic stay to allow Reeves to continue to prosecute the State Court Action and obtain a ruling on all of his pending claims, including the amount of punitive damages the Debtors should be sanctioned with due to their pre-petition fraud.

35.    **Importantly, Reeves recognizes and agrees that should this Court grant the relief sought in this Motion, Reeves will only pursue his claims based on the above limitations and will not seek or attempt in any way to enforce any monetary judgment entered against the Debtors against property of the Debtors or the Estates.**

### REQUEST FOR WAIVER OF BANKRUPTCY RULE 4001(a)(3)

36.    Reeves requests that Bankruptcy Rule 4001(a)(3) be waived and the relief from stay requested in the Motion be granted immediately.

### RESERVATION OF RIGHTS

37.    Nothing set forth herein is intended to, nor shall be deemed to modify, limit, release, reduce, or waive any of Reeves' rights, remedies, claims, privileges, or defenses at law or in equity, all of which are expressly reserved.

### CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9075-1(B)

38.    Counsel for Reeves hereby certifies that I have contacted counsel for the Debtors

and has made a bona fide effort to resolve the matter without hearing. However, as of the date of this Motion, undersigned counsel has not been unable to reach a consensual resolution of the relief requested in the Motion. To the extent such a resolution is reached prior to any hearing, undersigned counsel will upload an agreed order resolving the issues raised in the Motion.

**WHEREFORE**, Reeves respectfully requests the Court enter an Order: (i) lifting the automatic stay as to Reeves to allow Reeves to proceed with the final leg of the State Court Action, including prosecuting the punitive damages phase of the State Court Action and to have judgment and a statement of decision entered in the State Court (granting *nunc pro tunc* relief if necessary); and (ii) granting such other and further relief as this Court deems just and proper.

Dated: July 11, 2016                                      Respectfully submitted,

By:   */s/ Eyal Berger*
**AKERMAN LLP**
Eyal Berger, Esq.
Florida Bar Number: 011069
Las Olas Centre II, Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301-2999
Phone: (954) 463-2700
Fax: (954) 463-2224
Email: eyal.berger@akerman.com

and

Richard D. Keys, Esq.
Bidna & Keys APLC
5120 Campus Drive
New Port Beach, CA 92660
Telephone: (949) 752-7030
Facsimile (949) 752-8770
Email: rkeys@bidnakeys.com
*to be admitted pro hac vice*

*Counsel for Michael Reeves*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished on July 11, 2016 via CM/ECF electronic mail to all parties listed on the below service list and attached list of creditors holding the 20 largest unsecured claims.

By: _/s/ Eyal Berger_____
Eyal Berger, Esq.

## SERVICE LIST

**16-19221-LMI Notice will be electronically mailed to:**

Eyal Berger, Esq. on behalf of Creditor Michael Reeves
eyal.berger@akerman.com, jeanette.martinez@akerman.com

David L. Merrill, Esq. on behalf of Debtor Finton Construction, Inc.
dlmerrill@merrillpa.com,
ecf@merrillpa.com;zcastro@merrillpa.com;ecfmerrillpa@gmail.com;dmaharrey@merrillpa.com;mkargoll@merrillpa.com

David L. Merrill, Esq. on behalf of Debtor John J Finton
dlmerrill@merrillpa.com,
ecf@merrillpa.com;zcastro@merrillpa.com;ecfmerrillpa@gmail.com;dmaharrey@merrillpa.com;mkargoll@merrillpa.com

David L. Merrill, Esq. on behalf of Interested Party John J Finton
dlmerrill@merrillpa.com,
ecf@merrillpa.com;zcastro@merrillpa.com;ecfmerrillpa@gmail.com;dmaharrey@merrillpa.com;mkargoll@merrillpa.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

<table>
<tr><td colspan="2">Fill in this information to identify the case:</td><td></td></tr>
</table>

| Fill in this information to identify the case: | | |
|---|---|---|
| Debtor name | **Finton Construction, Inc.** | |
| United States Bankruptcy Court for the: | **SOUTHERN DISTRICT OF FLORIDA** | ☐ Check if this is an |
| Case number (if known): | _____ | amended filing |

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Alston & Bird LLP 333 South Hope Street, 16th Floor Los Angeles, CA 90071** | | | | | | $200,000.00 |
| **Arriaga USA / Stoneland / Rubin Marble & 12000 Sherman Way North Hollywood, CA 91605** | | | | | | $110,000.00 |
| **Ashley Tabor / 1278 Angelo LLC / Beachley Holdings Limited 1278 Angelo Drive, Beverly Hills, CA 90210** | | | | | | $100,000.00 |
| **Beverly Properties , LLC C/O Adnan Sen 1054 Shadow Hill Way Beverly Hills, CA 90210** | | | | | | $100,000.00 |
| **City Wall Builders 7258 Haskell Avenue Van Nuys, CA 91406** | | | | | | $115,812.53 |
| **Coastal Tile 7403 Greenbush Ave. North Hollywood, CA 91605** | | | | | | $62,357.81 |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

| Debtor | **Finton Construction, Inc.** | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Fitzgerald, Yap, Kreditor, LLP 16148 Sand Canyon Avenue Irvine, CA 92618 | | | | | | $197,011.57 |
| George Thomas (GT) Dave 540 Vick Place Beverly Hills, CA 90210 | | | | | | $80,000.00 |
| Grandmaison Construction 16335 Sultus Street Santa Clarita, CA 91387 | | | | | | $51,331.00 |
| Hinton, Kreditor, Gronroos, LLP 50 E. Foothill Blvd., 3rd Floor Arcadia, CA 91006 | | | | | | $51,500.00 |
| Kevin Washington / KLW Holding, LLC 12100 Wilshire Blvd., Suite M70 Los Angeles, CA 90025 | | | | | | $400,000.00 |
| LC Pools 3411 Clarendon Place Thousand Oaks, CA 91360 | | | | | | $40,000.00 |
| Los Angeles Department of Water and Powe PO Box 30808 Los Angeles, CA 90030 | | | | | | $42,288.70 |
| Marina Moskovenko Blackenhall, Wilderness Ave Sevenoaks, TN105EA, United Kingdom | | | | | | $303,387.67 |
| Mr. Jeffrey Kaplan 620 Stone Canyon Rd Los Angeles, CA 90077 | | | | | | $60,000.00 |
| Robert Kramer and Toni Holt Kramer 10825 Chalon Road Los Angeles, CA 90077 | | | | | | $42,565.89 |

Official form 204          Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured claims          page 2

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

| Debtor | Finton Construction, Inc. | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Silverstrand 9535 Ownensmouth Avenue, Unit D, Chatsworth, CA 91311** | | | | | | $112,000.00 |
| **Snyder Diamond 1399 Olympic Blvd. Santa Monica, CA 90404** | | | | | | $93,000.00 |
| **Sunwest Clean-Up Inc. 14229 Don Julian Road** | | | | | | $91,746.00 |
| **United Specialties Insurance c/o RT Speciality 3900 West Alameda Ave., 21st floor Burbank, CA 91505** | | | | | | $130,482.65 |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                                                                              Best Case Bankruptcy

## EXHIBIT LIST

EXHIBIT 1          Finton Construction Partner Profile

EXHIBIT 2          Business Entity Detail

EXHIBIT 3          Company Profile

EXHIBIT 4          Contact Information

EXHIBIT 5          Finton Construction – Projects

EXHIBIT 6          LASC - Case Summary

EXHIBIT 7          Civil Case Summary re Case No. 30-2013-00650607-CY-NP-CJC

EXHIBIT 8          California Appellate Courts Case Information re Case No. G050093

EXHIBIT 9          *Finton Construction v. Bidna & Keys, APLC,* 238 Cal.App.4th 200 (2015)

EXHIBIT 10         Case Summary & Docket re Case No. 30-2015-00775316-CU-MC-CJC

EXHIBIT 11         Minute Order dated 5/2/16 and Joint Exhibit List re Superior Court of California Case No. 30-2015-00775316-CU-MC-CJC

EXHIBIT 12         Verdict dated 6/17/16 re Case No. 30-2015-00775316-CU-MC-CJC

EXHIBIT 13         Reporter's Transcript dated 6/21/2016

EXHIBIT 14         Notice of Stay of Proceedings dated 6/30/2016

EXHIBIT 15         In re Curtis James Jackson ("Fifty Cents"), Case No. 15-21233 (Bankr. D. Conn. July 17, 2015) (J. Nevins) (ECF Nos. 7, 19, 20)